## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| MARIA AVILA, LUIS PENA, ELIJAH SANTIAGO, MARIA ESPINOZA, individually and on behalf of I.S., a minor, as his mother and next best friend, and on behalf of M.P., a minor, as her guardian and next best friend, <br><br> Plaintiffs, <br><br> v. <br><br> CHI-TOWN CLEANING SERVICES, CO., MACIEJ CWIERTNIA, individually, <br><br> Defendants. | Case No.: |

## COMPLAINT

NOW COME the Plaintiffs, MARIA AVILA, LUIS PENA, ELIJAH SANTIAGO, MARIA ESPINOZA, I.S., and M.P., individually and by their attorney, Bruce Winters of Legal Aid Society of Metropolitan Family Services, and complain against their former employers, Defendants CHI-TOWN CLEANING SERVICES, CO. (hereafter "Chi-Town), and MACIEJ CWIERTNIA (hereafter "Cwiertnia"), individually. Plaintiffs allege as follows:

### PRELIMINARY STATEMENT

1. This action is brought to remedy Defendants' failure to pay Plaintiffs the minimum wage for hours worked in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (FLSA), and the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* (IMWL), as well as to remedy Defendants' failure to pay Plaintiffs compensation due in violation of the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.* (IWPCA).

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331, Federal Question, arising under 29 U.S.C. § 216(b), and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391, as Plaintiffs' employment by Defendants occurred in the Northern District of Illinois, the facts and events giving rise to Plaintiffs' claims occurred in this judicial district, and Defendants maintained offices and transacted business within this jurisdiction.

## PARTIES

4. Maria Avila is a resident of Cook County, Illinois, and was formerly employed by Chi-Town to work as a cleaner at a facility in Northfield, Illinois.

5. Luis Pena is a resident of Cook County, Illinois, and was formerly employed by Chi-Town to work as a cleaner at a facility in Northfield, Illinois.

6. Elijah Santiago is a resident of Cook County, Illinois, and was formerly employed by Chi-Town to work as a cleaner at a facility in Northfield, Illinois.

7. Maria Espinoza is a resident of Cook County, Illinois, and was formerly employed by Chi-Town to work as a cleaner at a facility in Northfield, Illinois. Maria Espinoza is the mother of Plaintiff I.S. and the guardian of Plaintiff M.P.

8. I.S., for whom Maria Espinoza brings these claims as his mother and next best friend, is a 17-year-old minor and resident of Cook County, Illinois, and was formerly employed by Chi-Town to work as a cleaner at a facility in Northfield, Illinois.

9. M.P., for whom Maria Espinoza brings these claims as her guardian and next best friend, is a 16-year-old minor and resident of Cook County, Illinois, and was formerly employed by Chi-Town to work as a cleaner at a facility in Northfield, Illinois.

10. Chi-Town Cleaning Services, Co., is an Illinois Corporation which does business within this judicial district and is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

11. Chi-Town does business as a cleaning service for corporate offices, warehouses, and other facilities, and has least two or more employees who have handled or worked on goods which have moved in interstate commerce.

12. Upon information and belief, Chi-town employed four or more employees at all relevant dates and times.

13. Upon information and belief, during all relevant dates and times, Chi-Town had gross sales of no less than $500,000 per year.

14. At all relevant dates and times, Chi-Town was Plaintiffs' employer as that term is defined by the FLSA, 29 U.S.C. § 203(d), the IMWL, 820 ILCS § 105/3, and the IWPCA, 820 ILCS § 115/2.

15. Maciej Cwiertnia is the owner, operator, and sole officer of Chi-Town, is involved in the day-to-day business operations and has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the business's checking accounts, including payroll accounts, and has the authority to participate in decisions regarding employee compensation.

16. At all relevant dates and times, Cwiertnia was Plaintiffs' employer as that term is defined by the FLSA, 29 U.S.C. § 203(d), the IMWL, 820 ILCS § 105/3, and the IWPCA, 820 ILCS § 115/13.

## FACTUAL BACKGROUND

17. In or around March 2022, Defendants entered into an employment agreement with Plaintiffs by hiring all six Plaintiffs as employees of Chi-Town.

18. Under the terms of Plaintiffs' employment, Plaintiffs were to each work as custodial staff at a third-party facility located at Three Lakes Drive, Northfield, Illinois.

19. Under the terms of Plaintiffs' employment, they were to be employed for an initial period of one week, after which Chi-Town would determine whether to employ Plaintiffs long-term.

20. Plaintiffs were assigned to work during the second shift, starting at 5:00 p.m. and ending at 1:30 a.m.

21. Plaintiffs' shifts regularly ended earlier when the shift's work was completed before 1:30 a.m.

22. Under the terms of Plaintiffs' employment, they were to each be paid $14.00 per hour for all hours worked.

23. From March 2, 2022, to March 8, 2022, Plaintiffs each worked for Chi-Town at the third-party facility in Northfield, Illinois.

24. Between March 2, 2022, and March 8, 2022, Plaintiff Luis Pena worked five shifts, totaling 37.5 hours, for Chi-Town.

25. Between March 2, 2022, and March 8, 2022, Plaintiff I.S. worked five shifts, totaling 37.5 hours, for Chi-Town.

26. Between March 2, 2022, and March 8, 2022, Plaintiff Maria Avila worked five shifts, totaling 35 hours, for Chi-Town.

27. Between March 3, 2022, and March 8, 2022, Plaintiff Maria Espinoza worked four shifts, totaling 32 hours, for Chi-Town.

28. Between March 3, 2022, and March 8, 2022, Plaintiff Elijah Santiago worked four shifts, totaling 27 hours, for Chi-Town.

29. Between March 2, 2022, and March 8, 2022, Plaintiff M.P. worked a single shift of 5.5 hours on March 2, 2022, for Chi-Town.

30. On the morning of March 9, 2022, Plaintiffs received a text message from a Dorothy (last name unknown) on behalf of Chi-Town.

31. Upon information and belief, Dorothy was and is an administrative employee of Chi-Town and was and is responsible for maintaining shift schedules.

32. The March 9, 2022 text message from Dorothy stated that Chi-Town would be terminating Plaintiffs' employment, and further instructed Plaintiffs' not to appear for their scheduled shifts that day.

33. Dorothy stated that Plaintiffs would be paid on March 20, 2022, for the hours they had worked between March 2, 2022, and March 8, 2022.

34. Dorothy further confirmed by text on March 9, 2022, each Plaintiffs' hours worked as listed herein at Paragraphs 22 through 28.

35. Plaintiffs did not receive payment for their wages on March 20, 2022.

36. To date, Plaintiff's have not received any payment of wages from Defendants for any of their hours worked between March 2, 2022, and March 8, 2022.

37. Plaintiffs' have made demands to Chi-Town and Cwiertnia for their unpaid wages, both individually and through counsel, and have received no response.

## COUNT I – VIOLATION OF THE FLSA, 29 U.S.C. § 206
## CHI-TOWN CLEANING SERVICES, CO. - FAILURE TO PAY A MINIMUM WAGE

38. Paragraphs 1 through 37 are incorporated by reference as though fully set forth herein.

39. In the relevant time period, Chi-Town engaged in interstate commerce within the meaning of the FLSA and had an annual gross volume of sales made or business done in excess of $500,000.

40. Plaintiffs were not exempt from minimum wages under the FLSA.

41. Plaintiffs were required to be compensated at least the minimum wage rate of $7.25 per hour pursuant to the FLSA.

42. As Plaintiffs were not compensated by Chi-Town for their hours worked, their effective hourly rate was $0.00, in violation of the FLSA.

43. Chi-Town and its officers were aware of the requirement to pay Plaintiffs the minimum wage and willfully refused to do so.

44. As a direct and proximate result of the above alleged willful and knowing acts and omissions by Chi-Town, Plaintiffs have suffered damages and are entitled to legal and equitable relief including unpaid minimum wages and liquidated damages.

PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, Maria Avila, Luis Pena, Elijah Santiago, Maria Espinoza, I.S., and M.P., respectfully request that this Honorable Court issue judgment against Defendant Chi-Town and in favor of Plaintiffs, and:

A. Grant Plaintiffs damages in the amount of their unpaid minimum wages and interest pursuant to 29 U.S.C. § 216(b);

B. Grant Plaintiffs liquidated damages pursuant to 29 U.S.C. § 216(b);

C. Grant Plaintiffs attorneys' fees, costs, and disbursements, incurred herein, pursuant to 29 U.S.C. § 216(b); and,

D. Grant Plaintiffs such further relief as this Court deems just and equitable.

### COUNT II – VIOLATION OF THE FLSA, 29 U.S.C. § 206
### MACIEJ CWIERTNIA - FAILURE TO PAY MINIMUM WAGE

45. Paragraphs 1 through 37 are incorporated by reference as though fully set forth herein.

46. In the relevant time period, Chi-Town engaged in interstate commerce within the meaning of the FLSA and had an annual gross volume of sales made or business done in excess of $500,000.

47. Plaintiffs were not exempt from minimum wages under the FLSA.

48. Plaintiffs were required to be compensated at least the minimum wage rate of $7.25 per hour pursuant to the FLSA.

49. As Plaintiffs were not compensated by Chi-Town for their hours worked, their effective hourly rate was $0.00, in violation of the FLSA.

50. Cwiertnia hired Plaintiffs, directed their work at Chi-Town, scheduled their hours, and set their pay.

51. Cwiertnia was aware of the requirement to pay Plaintiffs the minimum wage.

52. Cwiertnia, as Chi-Town's principal owner and operator, willfully refused to pay Plaintiffs the minimum wage.

53. As a direct and proximate result of the above alleged willful and knowing acts and omissions by Cwiertnia, Plaintiffs have suffered damages and are entitled to legal and equitable relief including unpaid minimum wages and liquidated damages.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, Maria Avila, Luis Pena, Elijah Santiago, Maria Espinoza, I.S., and M.P., respectfully request that this Honorable Court issue judgment against Defendant Cwiertnia and in favor of Plaintiffs, and:

A. Grant Plaintiffs damages in the amount of their unpaid minimum wages and interest pursuant to 29 U.S.C. § 216(b);

B. Grant Plaintiffs liquidated damages pursuant to 29 U.S.C. § 216(b);

C. Grant Plaintiffs attorneys' fees, costs, and disbursements, incurred herein, pursuant to 29 U.S.C. § 216(b); and,

D. Grant Plaintiffs such further relief as this Court deems just and equitable.

### COUNT III – VIOLATION OF THE IMWL, 820 ILCS § 105/4
### CHI-TOWN CLEANINGS SERVICES, CO. - FAILURE TO PAY MINIMUM WAGES

54. Paragraphs 1 through 37 are incorporated by reference as though fully set forth herein.

55. Chi-Town is an employer, as defined in the IMWL, and was required to pay its employees, including Plaintiffs, the minimum wage.

56. No exemption from the minimum wage under the IMWL or its supporting rules applied to either Plaintiffs or Chi-Town.

57. Plaintiffs were required to be compensated at least the minimum wage rate of $12.00 per hour pursuant to the IMWL.

58. As Plaintiffs were not compensated by Chi-Town for their hours worked, their effective hourly rate was $0.00, in violation of the FLSA.

59. Chi-Town and its officers were aware of the requirement to pay Plaintiffs the minimum wage under the IMWL.

60. Chi-Town willfully refused to pay Plaintiffs their due minimum wages.

61. As a direct and proximate result of the above alleged willful and knowing acts and omissions by Chi-Town, Plaintiffs have suffered damages and are entitled to legal and equitable relief including unpaid minimum wages and treble damages.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, Maria Avila, Luis Pena, Elijah Santiago, Maria Espinoza, I.S., and M.P., respectfully request that this Honorable Court issue judgment against Defendant Chi-Town and in favor of Plaintiffs, and:

A. Grant Plaintiffs damages in the amount of their unpaid minimum wages pursuant to 820 ILCS § 105/12;

B. Grant Plaintiffs treble damages and 5% of the underpayment for each month following the date that the minimum wages were due pursuant to 820 ILCS § 105/12;

C. Grant Plaintiffs attorneys' fees, costs, and disbursements incurred herein and pursuant to 820 ILCS § 105/12; and,

D. Grant Plaintiffs such further relief as this Court deems just and equitable.

### COUNT IV – VIOLATION OF THE IMWL, 820 ILCS § 105/4
### MACIEJ CWIERTNIA - FAILURE TO PAY MINIMUM WAGES

62. Paragraphs 1 through 37 are incorporated by reference as though fully set forth herein.

63. Chi-Town is an employer, as defined in the IMWL, and was required to pay its employees, including Plaintiffs, the minimum wage.

64. No exemption from the minimum wage under the IMWL or its supporting rules applied to either Plaintiffs or Chi-Town.

65. Plaintiffs were required to be compensated at least the minimum wage rate of $12.00 per hour pursuant to the IMWL.

66. As Plaintiffs were not compensated by Chi-Town for their hours worked, their effective hourly rate was $0.00, in violation of the FLSA.

67. Cwiertnia was aware of the requirement to pay Plaintiffs the minimum wage under the IMWL.

68. Cwiertnia willfully refused to pay Plaintiffs their due minimum wages.

69. As a direct and proximate result of the above alleged willful and knowing acts and omissions by Cwiertnia, Plaintiffs have suffered damages and are entitled to legal and equitable relief including unpaid minimum wages and treble damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, Maria Avila, Luis Pena, Elijah Santiago, Maria Espinoza, I.S., and M.P., respectfully request that this Honorable Court issue judgment against Defendant Cwiertnia and in favor of Plaintiffs, and:

A. Grant Plaintiffs damages in the amount of their unpaid minimum wages pursuant to 820 ILCS § 105/12;

B. Grant Plaintiffs treble damages and 5% of the underpayment for each month following the date that the minimum wages were due pursuant to 820 ILCS § 105/12;

    C. Grant Plaintiffs attorneys' fees, costs, and disbursements incurred herein and pursuant to 820 ILCS § 105/12; and,

    D. Grant Plaintiffs such further relief as this Court deems just and equitable.

### COUNT V – VIOLATION OF THE IWPCA, 820 ILCS § 115/3
### CHI-TOWN CLEANING SERVICES - FAILURE TO PAY EARNED WAGES

70. Paragraphs 1 through 37 are incorporated by reference as though fully set forth herein.

71. Plaintiffs entered into an employment agreement with Chi-Town, under which Plaintiffs would be paid at a rate of $14.00 per hour by Chi-Town.

72. The IWPCA requires an employer to pay wages to an employee at least semi-monthly, and all wages earned by an employee must be paid no later than 13 days after the end of the pay period in which the wages were earned.

73. The IWPCA further requires an employer to pay final compensation to separated employees at the time of separation, but not later than the next regularly scheduled payday.

74. Chi-Town has failed to pay Plaintiffs any wages for their hours worked between March 2, 2022, and March 8, 2022, in violation of the IWPCA and the employment agreement.

75. As a direct and proximate result of the above willful and knowing alleged acts and omissions by Chi-Town, Plaintiffs have suffered damages and are entitled to legal and equitable relief including their unpaid wages under the employment contract.

WHEREFORE, Plaintiffs, Maria Avila, Luis Pena, Elijah Santiago, Maria Espinoza, I.S., and M.P., respectfully request that this Honorable Court issue judgment against Defendant Chi-Town and in favor of Plaintiffs, and:

    A. Grant Plaintiffs damages in the amount of their unpaid wages and interest pursuant to the employment agreement and 820 ILCS § 115/14;

B. Grant Plaintiffs damages in the amount of 5% of the underpayments for each month wages were due and remained unpaid pursuant to 820 ILCS § 115/14;

C. Grant Plaintiffs attorneys' fees, costs, and disbursements, incurred herein, pursuant to 820 ILCS § 115/14; and,

D. Grant Plaintiffs such further relief as this Court deems just and equitable.

### COUNT VI – VIOLATION OF THE IWPCA, 820 ILCS § 115/3
### MACIEJ CWIERTNIA - FAILURE TO PAY EARNED WAGES

76. Paragraphs 1 through 37 are incorporated by reference as though fully set forth herein.

77. Plaintiffs entered into an employment agreement with Chi-Town, under which Plaintiffs would be paid at a rate of $14.00 per hour by Chi-Town.

78. The IWPCA requires an employer to pay wages to an employee at least semi-monthly, and all wages earned by an employee must be paid no later than 13 days after the end of the pay period in which the wages were earned.

79. The IWPCA further requires an employer to pay final compensation to separated employees at the time of separation, but not later than the next regularly scheduled payday.

80. Chi-Town has failed to pay Plaintiffs any wages for their hours worked between March 2, 2022, and March 8, 2022, in violation of the IWPCA and the employment agreement.

81. Cwiertnia, as the sole agent and officer of Chi-Town, knowingly permitted Chi-Town to violate the IWPCA by failing to pay Plaintiffs any wages, and in doing so was Plaintiffs' employer pursuant to 820 ILCS 115/14.

82. As a direct and proximate result of the above alleged willful and knowing acts and omissions by Cwiertnia, Plaintiffs have suffered damages and are entitled to legal and equitable relief including their unpaid wages under the employment contract.

WHEREFORE, Plaintiffs, Maria Avila, Luis Pena, Elijah Santiago, Maria Espinoza, I.S., and M.P., respectfully request that this Honorable Court issue judgment against Defendant Cwiertnia and in favor of Plaintiffs, and:

E. Grant Plaintiffs damages in the amount of their unpaid wages and interest pursuant to the employment agreement and 820 ILCS § 115/14;

F. Grant Plaintiffs damages in the amount of 5% of the underpayments for each month wages were due and remained unpaid pursuant to 820 ILCS § 115/14;

G. Grant Plaintiffs attorneys' fees, costs, and disbursements, incurred herein, pursuant to 820 ILCS § 115/14; and,

H. Grant Plaintiffs such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

83. Plaintiffs request a jury trial on all issues of fact and law raised by the allegations of this Complaint.

    Respectfully Submitted,
    s/ *Bruce Winters*_____
    Bruce Winters, Attorney for Plaintiffs

Dated: July 5, 2022

Bruce Winters
ARDC#: 633560
Attorney for Plaintiffs
Legal Aid Society
101 N. Wacker Drive
Suite 1700
Chicago, IL 60606
(312) 986-4122
WintersB@metrofamily.org